UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUDWIN EDENILSON VENTURA
RAMIREZ, A Number 220-299-596,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE
ANNEX ICE DETENTION FACILITY, et
al.,

Respondents.

No.  1:25-cv-1775-DC-CKD P

FINDINGS AND RECOMMENDATIONS

Petitioner Ludwin Edenilson Ventura Ramirez is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF Nos. 1, 15.) For the following reasons, the undersigned recommends the petition be granted and respondents be ordered to immediately release petitioner.

**I.     Background**

Petitioner is a 21-year-old native and citizen of El Salvador who has resided in the United States for approximately five years. (ECF No. 15 at 2.) Petitioner alleges he entered the United States on or around June 18, 2021. (Id. at 3.) He was detained by ICE sometime after entry. On January 24, 2022, he was released from ICE custody on an "Order of Supervision or Own Recognizance[.]" (ECF No. 15-1.)

////

1

Petitioner is currently in removal proceedings with no final order. (See ECF No. 15 at 3.) He has a pending application for a Special Immigrant Juvenile (SIJ) visa, and an application for asylum, both of which remain under adjudication. (See id.)

On October 1, 2024, the Fresno County Superior Court sentenced petitioner to a term of formal probation following a misdemeanor false imprisonment conviction. (ECF No. 15-4.) The sentence imposed on that date included an order to serve 159 days in jail with credit for 159 days served. (Id. at 3.)

On December 10, 2024, petitioner appeared in the superior court to demonstrate compliance with the terms of his misdemeanor sentence and court-ordered program. (ECF No. 15 at 3.) He also appeared in court for the same purpose as scheduled on March 11, 2025, and on May 20, 2025. (Id. at 3-4.) On August 12, 2025, petitioner was re-detained after appearing in superior court again for the same purpose. (Id. at 4.)

Petitioner initiated this case on December 8, 2025, with a pro se petition. (ECF Nos. 1.) The court appointed counsel for petitioner, who filed a supplement to the petition on February 9, 2026, asserting petitioner's ongoing detention violates due process. (ECF No. 15.)

Respondent filed an opposition to the petition and moved to dismiss the petition on March 13, 2026. (ECF No. 18.) Respondents oppose the petition, asserting petitioner is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2). (Id. at 1.) And further, respondents assert,

> Petitioner's prior release in the discretion of DHS does not have the effect of having converted petitioner's presence in the United States into an "admission." "[A]n alien who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'" *Jennings v. Rodriguez*, 583 U.S. 281, 279 (2018). As an applicant for admission, petitioner is subject to mandatory detention and thus ineligible for a bond hearing. Petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953).

(Id. at 1-2.) Respondents alternately request court to hold the matter in abeyance pending the Ninth Circuit's resolution of Rodriguez v. Bostock, 779 F.Supp.3d 1239, 9th Cir. Docket No. 25-6842. (Id. at 2.)

2

Petitioner, through appointed counsel, filed a reply on March 15, 2026. (ECF No. 19.) This matter is fully briefed. (ECF Nos. 1, 15, 18, 19.)

## II.   Legal Standards

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III.   Discussion

To the extent respondents substantively address petitioner's due process claim, they state he does not possess a right to freedom from immigration detention in any form other than that provided by Congress. (ECF No. 18 at 2.) They also assert "there is no such liberty interest[.]" (Id.) The undersigned finds to the contrary that petitioner has a clearly established Fifth Amendment due process right to liberty from unjustified detention.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. CONST. AMEND. V. It is firmly established that these protections extend to noncitizens present in the United States. See Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."). "[Noncitizens], even [those] whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments." Plyler v. Doe, 457 U.S. 202, 210 (1982).

Courts analyze procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the

Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989).

As many district courts confronted with similar circumstances have found, petitioner has a clear interest in his continued freedom. See, e.g., Rico-Tapia v. Smith, 806 F. Supp. 3d 1166, 1182 (D. Haw. 2025) ("Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause."). As set forth, petitioner was previously released from ICE detention on an "Order of Supervision or Own Recognizance" on January 24, 2022. (ECF No. 15-1.) This release implied a promise that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. See Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting Morrissey v. Brewer, 408 U.S. 471, 482 (1972)) (modifications in original) ("[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the ... conditions [of release].'"). Thus, petitioner has a clear interest in his continued freedom as he awaits the outcome of his immigration proceedings. See also, e.g., Doe v. Becerra, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025); D. L.C. v. Wofford, No. 1:25-CV-01996-DC-JDP (HC), 2026 WL 25511, at *4 (E.D. Cal. Jan. 5, 2026). Respondents' argument that petitioner is subject to mandatory detention under § 1225(b)(1) does not change this analysis. B.D.S. v. Warden of Mesa Verde Det. Facility, No. 1:25-CV-02032-TLN-CSK, 2026 WL 82344, at *3 (E.D. Cal. Jan. 12, 2026).

Having determined that petitioner has a protected liberty interest in continued release, the court proceeds to determine the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. To make that determination, the court applies the test established in Mathews v. Eldridge, 424 U.S. 319 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

The first Mathews factor favors petitioner because an individual's private interest in "freedom from prolonged detention" is "unquestionably substantial." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011). "Freedom from imprisonment—from government custody, detention,

or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. The government's actions in releasing petitioner into the United States and allowing him to reside at liberty for years and also to re-integrate into his community after release from jail supports finding a strong private interest for petitioner. See Doe v. Becerra, 787 F. Supp. 3d at 1093 (noting the government's actions in allowing petitioner to remain in the community for a length of time strengthened petitioner's liberty interest). Petitioner also has meaningful family ties in the United States, was employed seasonally prior to detention, and his significant other is pregnant. (See ECF No. 15 at 4.) His continued detention prevents him from supporting his pregnant partner and preparing for the birth of his child. (See id.) Petitioner has a significant private interest at stake.

Considering the second Mathews factor, the risk of erroneous deprivation is great given the record indicates petitioner did not receive any hearing, whether pre- or post-detention. Without any procedural safeguards to determine whether his detention was justifiable, the probable value of additional procedural safeguards is high. Khatir v. Chestnut, No. 1:26-CV-00094-TLN-SCR, 2026 WL 206084, at *3 (E.D. Cal. Jan. 27, 2026), report and recommendation adopted, No. 1:26-CV-00094-TLN-SCR, 2026 WL 270170 (E.D. Cal. Feb. 2, 2026). Civil immigration detention is "nonpunitive in purpose and effect" and is justified when a noncitizen presents as a danger to the community or risk of flight. Zadvydas, 533 U.S. at 690; Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Respondents do not argue or present any evidence suggesting petitioner presents a danger to the community or a flight risk. This second factor also favors petitioner. See Labrador-Prato v. Noem, No. 1:25-CV-01598-DC-SCR (HC), 2025 WL 3458802, at *5 (E.D. Cal. Dec. 2, 2025).

Turning to the third Mathews factor, the government has an interest in the steady enforcement of its immigration laws, but the government's interest in re-detaining petitioner without procedural protections is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); see also Doe v. Becerra, 787 F. Supp. 3d at 1094 (custody hearings in immigration court are routine and impose a "minimal" cost on the government). It would be less of a fiscal and administrative burden for the government to return petitioner home to await a determination on

5

his immigration proceedings, including his asylum application, than to continue to detain him. See Singh v. Warden of Golden State Annex Det. Facility, No. 1:26-CV-00209-TLN-CKD, 2026 WL 124845, at *3 (E.D. Cal. Jan. 16, 2026) (noting that in 2017, the costs to the public of immigration detention amounted to a total daily cost of $6.5 million) (citation omitted). Respondents provide no evidence warranting petitioner's re-detention without a hearing. "If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without [any procedural protections] is low." Ortega, 415 F. Supp. 3d at 970.

On balance, the Mathews factors favor petitioner. The undersigned concludes petitioner's Fifth Amendment right to due process was violated when he was re-detained on August 12, 2025, without a hearing, and thus that the petition should be granted.

If adopted, these findings and recommendations would resolve the pending habeas petition on its merits. No further briefing is necessary. Accordingly, respondents' request for a stay pending the resolution of Rodriguez, 779 F.Supp.3d 1239, should be denied.

**IV.    Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  Respondent's motion to dismiss (ECF No. 18) be denied.

2.  Petitioner's application for a writ of habeas corpus (ECF Nos. 1, 15) be granted.

3.  Respondents be ordered to RELEASE PETITIONER (A Number 220-299-596} IMMEDIATELY and respondents and the Immigration and Customs Enforcement Agency be enjoined and restrained from re-detaining petitioner unless petitioner is provided with (1) written notice before a pre-deprivation bond hearing and (2) it is demonstrated, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written

6

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 17, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 rami1775.mer

7