UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUDWIN EDENILSON VENTURA RAMIREZ,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,

Respondents.

No.  1:25-cv-01775-DC-CKD (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(ECF Nos. 18, 20)

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 17, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  ECF No. 20.  No party has filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct.  See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and finds the findings and recommendations to be supported by the record and

1

by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on March 17, 2026 (ECF No. 20) are ADOPTED;

2. Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is GRANTED;

3. Respondents are ordered to RELEASE PETITIONER Ludwin Edenilson Ventura Ramirez (A-220-299-596) IMMEDIATELY and Respondents and the Immigration and Customs Enforcement Agency are enjoined and restrained from re-detaining Petitioner unless Petitioner is provided with (1) written notice before a pre-deprivation bond hearing and (2) it is demonstrated, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified;

4. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

5. Respondents' motion to dismiss (ECF No. 18) is DENIED as having been rendered moot by this order; and

6. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:    **March 25, 2026**

_____
Dena Coggins
United States District Judge

2